UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JOAN ZIMMELMAN,

      Plaintiff,

  -against-

TEACHERS' RETIREMENT SYSTEM OF THE
CITY OF NEW YORK, INSURANCE DEPT.
OF THE STATE OF NEW YORK, and DEPT.
OF EDUCATION OF THE CITY OF NEW YORK,

      Defendants.
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/20/10

08 Civ. 6958 (DAB)
<u>AMENDED ADOPTION OF
REPORT AND
RECOMMENDATION</u>

DEBORAH A. BATTS, United States District Judge.

 <u>Pro Se</u> Plaintiff Joan Zimmelman ("Plaintiff") filed the above-captioned action against Defendants Teachers' Retirement System of the City of New York ("TRS"), Insurance Department of the State of New York ("NYSID") and the Department of Education of the City of New York ("DOE") on August 5, 2008, alleging that Defendants improperly calculated her retirement benefits and discriminated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), the Equal Pay Act of 1963, the Fourteenth Amendment, New York State and City Human Rights Laws, and New York State Labor Law. Plaintiff filed an Amended Complaint on November 26, 2008, and Defendants responded with two Motions to Dismiss the Amended Complaint on January 30, 2009.

Defendants' Motions are now before the Court for the second time on the March 8, 2010 Report and Recommendation of United States Magistrate Judge Debra Freeman (the "Report"), which recommends that this Court grant Defendants' Motions to Dismiss the Amended Complaint in their entirety.  Having received no objections to the Report by March 25, 2010, the day objections were due, the Court issued an Order on March 26, 2010 (Docket #20) adopting the Report, and dismissing the Amended Complaint. In the absence of objections, the Court reviewed the Report for clear error and, finding none on the face of the record, adopted the Magistrate's Report.  See 28 U.S.C. § 636(b)(1)(B); Wilds v. United Parcel Serv., Inc., 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003).

After the Court issued its March 26, 2010 Order adopting the Report, the Court received from the Pro Se Office Plaintiff's objections to the Report, ("Pl.'s Objs.") which had been timely filed by Plaintiff with the Pro Se Office on March 25, 2010.  On April 6, 2010, the Court issued an Order reopening the case, and stating that it would issue a further Order amending its March 26, 2010 Adoption of the Report and Recommendation after considering Plaintiff's objections and any response from Defendants filed within fourteen (14) days of the date of that Order.  This Order so amends the Court's March 26, 2010 Order.

Having considered Plaintiff's objections to Judge Freeman's March 8, 2010 Report and Recommendation, as well as Defendants TRS and DOE's collective response to Plaintiff's objections, dated April 12, 2010 ("Defs.' Response"),[1] and having conducted a de novo review of the objected-to portions of the Report, the Court adopts Judge Freeman's Report in its entirety, and dismisses the Amended Complaint, for the reasons set forth below.

I.   March 8, 2010 Report and Recommendation and Objections

In her Report to the Court, Judge Freeman recommends that the two Motions to Dismiss filed respectively by (1) Defendants TRS and DOE and (2) Defendant NYSID should be granted. (Report at 28.) The Magistrate recommends that Plaintiff's claims against the DOE be dismissed for failure to exhaust those claims administratively, and that Plaintiff's Title VII, ADA, and Due Process claims against TRS be dismissed as time-barred. (Report at 16, 21-22.) Judge Freeman recommends further that Plaintiff's Equal Pay Act claim against TRS be dismissed for failure to state a claim, as Plaintiff has not alleged that TRS was the entity responsible for the making the decision not to grant Plaintiff service credit for her various leaves of absence. (Id. at 23-

---

[1] Defendant NYSID filed neither objections to the Report nor any response to Plaintiff's objections.

24.)  As against Defendant NYSID, Judge Freeman recommends that the Amended Complaint be dismissed because the 11th Amendment bars Plaintiff from asserting Title I ADA claims against the state agency, and because Plaintiff has not alleged an employment relationship with NYSID, which is required to sustain a Title VII or Equal Pay Act claim against the Defendant.  (Report at 27.) Judge Freeman recommends finally that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.  (Id. at 24-25, 27.)

"Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C).  A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error."  Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); see also Ortiz v. Barkley, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and

4

recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks omitted).  After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate.  28 U.S.C. § 636(b)(1)(C).

The objections of pro se parties are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest." Howell v. Port Chester Police Station, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (citation omitted). "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. (quoting Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted)).

In her objections to Magistrate Judge Freeman's Report, filed March 25, 2010, pro se Plaintiff objects that her Title VII, ADA, and Fourteenth Amendment Due Process claims are not

time-barred.[2]  Plaintiff argues that she timely filed her administrative complaint against TRS with the New York State Division of Human Rights ("NYSDHR"), within 300 days of learning of the alleged discrimination, because although she retired in 1999, and soon after "noticed errors in the calculation of her Final Average Salary and service credit, both of which are used to calculate her retirement allowance", she corresponded with TRS about the calculation errors over seven years, and it was not until she received a letter from TRS dated December 11, 2006, providing the "final resolution" of the matter that Plaintiff "was able to put the pieces together and determine that she was discriminated against . . ."  (Pl.'s Objs. at 2-4.)  Because she filed her administrative complaint with the NYSDHR on June 5, 2007, within 300 days of December 11, 2006, Plaintiff alleges that her discrimination claims against TRS are timely and should not be dismissed as time-barred.  Plaintiff makes the same argument for the preservation of her Due Process claim against TRS.  Plaintiff further argues that equitable tolling is

---

[2] Plaintiff has objected neither to Judge Freeman's finding that Plaintiff failed administratively to exhaust her claims against the DOE, nor to the Magistrate's finding that Plaintiff's claims fail against NYSID due to the agency's 11th Amendment immunity and because Plaintiff has not alleged an employment relationship between herself and NYSID.  As such, Plaintiff's objections do not affect the Magistrate's recommendation that Plaintiff's case be dismissed as against these Defendants.

warranted because she was intentionally misled by TRS for years, creating the extraordinary circumstances necessary for equitable tolling in this case.

## II. Discussion

In New York State, before filing a discrimination suit in federal court under Title VII and/or the ADA, a plaintiff must file a complaint with the New York State Division of Human Rights ("NYSDHR") or the federal Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discrimination. See Nat'l R.R. Passenger Corp. ("AMTRAK") v. Morgan, 536 U.S. 101, 109 (2002); Nicoletti v. N.Y. Dep't of Educ. Office of Legal Servs., No. 08 Civ. 11305 (WHP), 2009 WL 4756508, at *2 (S.D.N.Y. Dec. 7, 2009). The 300-day limitations period "starts to run when the claimant receives notice of the allegedly discriminatory act, not when the allegedly discriminatory decision takes effect". Morehead v. N.Y. City Transit Auth., 385 F.Supp.2d 248, 251 (S.D.N.Y. 2005). Due process claims are subject to a three-year statute of limitations in New York State. See Ferran v. Town of Poestenkill, 2000 WL 1728080, at *2 (2d Cir. 2000) (§ 1983 claims are subject to a three-year statute of limitations period). The three-year limitations period begins "at the time that plaintiff knows, or has reason to know, of the injury that

is the basis of her action." Brevot v. N.Y. City Dept. of Educ., No. 04 Civ. 7959 (GEL), 2007 WL 690130, at *5 (S.D.N.Y. Mar. 6, 2007) (citing Jaghory v. N.Y. State Dept. of Educ., 131 F.3d 326, 332 (2d Cir. 1997)).

It appears to the Court that Plaintiff's objections do little more than recycle the same limitations arguments made in her Opposition to TRS' Motion to Dismiss.[3] Plaintiff may use her objections to the Report neither to re-litigate issues previously presented, see Howell v. Port Chester Police Station, No. 09 Civ.

---

[3] Defendants TRS and DOE argue in their Response to Plaintiff's objections that Plaintiff is making an entirely new argument not previously presented to the Court when she asserts that the limitations period did not commence until December 11, 2006, the date of her final letter from TRS. Defendants submit that Plaintiff's earlier argument in opposition to Defendant's Motion was that the limitations period should commence on December 4, 2006, the date of the letter from NYSID affirming the calculation of her benefit by TRS. (Defs.' Response at 4-5.) Defendants argue that the Court should not consider this "new" argument, as it was not presented to Magistrate Judge Freeman in the first instance. (Defs.' Response at 4.) Indeed, Judge Freeman read Plaintiff's opposition position as arguing that the limitations period should run from December 4, 2006. (See Report at 17, citing Plaintiff's Opposition Memorandum ("Pl.'s Opp. Mem.") at 6-7.) In its review of the record, the Court finds Plaintiff's opposition position to be ambiguous; that is, it is unclear to the Court which of the December 2006 dates Plaintiff initially suggested should trigger the 300-day period. (See Pl.'s Opp. Mem. at 2 ("It was not until December 2006 when TRS was able to provide what they called a 'final resolution.'"); id. at 6 ("It was not until Plaintiff brought the question to the New York State Insurance Department ("NYSID") that a final determination was made . . ."); id. at 7 ("From the date of plaintiff's retirement until December 11, 2006, there was no final determination from TRS . . .")).

1651 (CS), 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (citation omitted), nor to raise entirely new arguments not previously presented to the Magistrate. See Fabricio v. Artus, No. 06 Civ. 2049 (WHP), 2009 WL 928039, at *2 (S.D.N.Y. Mar. 12, 2009) ("While a district court may entertain new evidence, it generally should not hear new grounds for relief or additional arguments that were not presented in the petition."). However, in an abundance of caution, the Court considers Plaintiff's present limitations argument, and finds it to be without merit. Plaintiff herself admitted in her Memorandum of Law in Opposition to Defendants' Motion to Dismiss that she first became aware of the allegedly discriminatory benefit calculations in May 2000. (See Pl.'s Opp. Mem. at 6 ("[plaintiff] did not receive an explanation of her benefits until a letter dated May, 2000. Exhibit 4. At that point she became aware of the improper determination of her [Final Average Salary].") Plaintiff further admits in her objections that from that time, "[s]he corresponded with TRS and over the course of seven years was provided with many different responses marred by errors and inconsistencies." (Pl.'s Objs. at 2.) Plaintiff claims that for the full seven years of her "letter writing campaign" with TRS, "Plaintiff had no idea she was being discriminated against", and that it was not until the letter dated December 11, 2006, "after hearing multiple

9

stories, phantom policies, and letters riddled with errors and inaccuracies" that plaintiff "was able to put the pieces together and determine that she was discriminated against". (Pl.'s Objs. at 3-4.) Plaintiff, by her own admission, first learned about the complained-of miscalculations in May 2000. She wrote letters to TRS arguing about its calculations for seven years, and appealed to the NYSID for review of the TRS calculations as early as 2004. The Court sees no reason why the last letter in a series from TRS should mark for litigation purposes the decisive moment that Plaintiff "receive[d] notice of the allegedly discriminatory act". Morehead, 385 F.Supp.2d at 251. Rather, it seems convenient for Plaintiff to claim that after several years of corresponding with TRS, it was not until December 2006, when the buck stopped with NYSID's denial of her complaints, that Plaintiff at last came to the conclusion that discrimination was afoot.[4] As such, Plaintiff's Title VII, ADA, and Due Process claims are time-barred.

---

[4] Plaintiff in her objections argues further, and for the first time, that the statute of limitations period should run alternatively from an unspecified date in 2006 when she received through a FOIL request a June 2001 email sent by Jonathan Kimmel, an attorney for TRS, inquiring about the propriety of TRS' calculations. (See Pl.'s Objs. at 9-10.) As noted above, it is inappropriate for the Court to consider a new argument upon a de novo review of the Magistrate's Report. See Fabricio, 2009 WL 928039, at *2. Regardless, Plaintiff's receipt of the Kimmel email in 2006 does nothing to change the Court's finding that Plaintiff was on notice of her alleged injury, and could have filed her discrimination claims, far before 2006.

The Court likewise agrees with Judge Freeman that equitable tolling is inappropriate. In her objections, Plaintiff argues, as she did in her opposition, that equitable tolling is appropriate because TRS "intentionally misled" her for several years, creating "rare and exceptional circumstances" that prevented Plaintiff in an "extraordinary way from exercising [her] rights." (Pl.'s Objs. at 4, quoting Zerilli-Edelglass v. N.Y. City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003)). Plaintiff's argument is as unconvincing to this Court as it was to Judge Freeman. TRS' behavior throughout its seven-year correspondence with Plaintiff suggests not willful deception, but regular efforts to communicate with Plaintiff, and admit and correct miscalculations. Plaintiff continues in her objections to fail to point to any specific misstatements by TRS, or any effort to obscure its policies, that would have prevented Plaintiff from filing her discrimination claims between May 2000 and June 5, 2007, when she filed her complaint with NYSDHR. (See Pl.'s Objs. at 5, 6-9.) As she has failed to plead any extraordinary circumstances that prevented her from exercising her rights, equitable tolling is not warranted. See Zerilli-Edelglass, 333 F.3d at 80.

III. Conclusion

Having conducted a de novo review of the objected-to portions of Magistrate Judge Debra Freeman's March 8, 2010 Report and Recommendation, and a clear error review as to the remainder of the Report, it is hereby ORDERED AND ADJUDGED that the Report and Recommendation dated March 8, 2010, be and the same hereby is APPROVED, ADOPTED, and RATIFIED by the Court in its entirety. The Clerk of Court is directed to close the docket in this matter.

SO ORDERED.

Dated:   New York, New York

  May 20, 2010

Deborah A. Batts
United States District Judge